**UNITED STATES of America**

**v.**

**Everette Howard HUNT, a/k/a Howard Hunt, a/k/a Edward L. Warren, a/k/a Edward J. Hamilton, Appellant.**

**No. 73–2199.**

United States Court of Appeals, District of Columbia Circuit.

Argued en banc June 14, 1974.

Decided Feb. 25, 1975.

MacKinnon, Circuit Judge, concurred specially and filed opinion.

Wilkey, Circuit Judge, concurred specially and filed opinion.

---

**81.** 407 U.S. 297, 92 S.Ct. 2125, 32 L.Ed.2d 752 (1972).

**82.** *See* note 78 *supra.*

C. Dickerman Williams, New York City, with whom William A. Snyder, Baltimore, Md., was on the brief, for appellant.

Richard J. Davis, Asst. Sp. Prosecutor, Watergate Sp. Prosecution Force, with whom Leon Jaworski, Sp. Prosecutor, at the time the brief was filed, Sidney M. Glazer and Kenneth S. Geller, Asst. Sp. Prosecutors, and Philip A. Lacovara, Counsel to the Sp. Prosecutor, Watergate Sp. Prosecution Force, were on the brief, for appellee.

Before BAZELON, Chief Judge, and WRIGHT, McGOWAN, LEVENTHAL, ROBINSON, MacKINNON and WILKEY, Circuit Judges, sitting en banc.

PER CURIAM:

Appellant was one of seven defendants charged with various offenses relating to the burglary of the Democratic National Committee (DNC) in the Watergate office building. He was named in six of the eight counts of indictment: Count 1—conspiracy in violation of 18 U.S.C. § 371 (1970); Counts 2 and 3—burglary in violation of 22 D.C.Code § 1801(b) (1973); and Counts 4, 5, and 8—illegal interception of oral and wire communications in violation of 18 U.S.C. § 2511 (1970). The trial commenced on January 8, 1973. Several days later Hunt, along with four of his co-defendants,[1] pleaded guilty to all counts in the indictment under which they were charged.[2] Hunt was provisionally sentenced to the maximum term under 18 U.S.C. § 4208 (1970), and eight months later, along with the four co-defendants who had pleaded guilty with him, Hunt filed a motion to withdraw his plea of guilty and to dismiss the indictment. The denial of this motion provides the basis for this appeal.

The issues raised by appellant have been considered at length in our opinions in the cases involving his co-defendants.[3] See United States v. Barker, —— U.S.App.D.C. ——, 514 F.2d 208 (decided today) (en banc); United States v. McCord, 166 U.S. App.D.C. ——, 509 F.2d 334 (1974) (en banc); United States v. Liddy, 166 U.S.

---

1. The remaining two co-defendants were convicted after a jury trial.

2. Appellant also claims that his guilty plea to Counts 3, 4, and 5 was improperly coerced by the District Judge's refusal to accept his compromise plea, agreeable to the Government, to Counts 1, 2, and 8. For this contention appellant relies on United States v. Ammidown, 162 U.S.App.D.C. 28, 497 F.2d 615 (1973). As the judge imposed concurrent sentences on all counts, we need not reach this contention. Instead, we hereby vacate appellant's sentences on Counts 3, 4, and 5. See United States v. Greene, 160 U.S.App.D.C. 21, 33–34, 489 F.2d 1145, 1157–1158 (1973).

3. Hunt's suggestion that "outrageous conduct" by "Government officials" in seizing and destroying his records and "perjuring themselves before the grand jury" requires reversal of his conviction hardly needs to be taken seriously. Since the argument on this appeal Hunt has testified under oath in the trial of United States v. Mitchell et al., D.D.C. Criminal No. 74–110, that he not only participated in the burglary of the DNC offices, but also that he participated in a conspiracy to suppress evidence of that burglary involving perjury and destruction of records.

App.D.C. 95, 509 F.2d 428 (1974) (*en banc*). For the reasons stated in those opinions, the issues raised here must also be decided against appellant.

Under the circumstances, the judgment of the District Court is affirmed except as to Counts 3, 4, and 5.

Affirmed.

MacKINNON, Circuit Judge (concurring specially):

The foregoing opinion refers to opinions previously issued by this court in *Barker, supra,* and *McCord, supra.* I filed a dissent in *Barker* and a special concurrence in *McCord.* I concur in the result of the foregoing opinion, subject to such differing views as I expressed in my opinions in *Barker* and *McCord.*

WILKEY, Circuit Judge (concurring specially):

The foregoing opinion refers to opinions previously issued by this court in United States v. Barker, *et al.* I concur in the result of the opinion herein, subject to such differing views as I expressed in my dissenting opinion in *Barker.*